UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CRIMINAL ACTION NO. **6:20-CR-11-REW**

UNITED STATES OF AMERICA                                              PLAINTIFF

V.        **MEMORANDUM ADDRESSING UNRESOLVED
              GUIDELINE OBJECTIONS**

MICHAEL WALLACE                                                       DEFENDANT

\* \* \* \* \*

The United States, by counsel, has reviewed the final disclosure of the PSR and agrees with the probation officer's analysis of the various objections submitted both by the undersigned and Wallace. Two unresolved objections that may affect the guideline calculation remain and are addressed below.

**Wallace objection #3:** Wallace does not appear to contest the information in paragraph 73 (undersigned counsel's statement during trial that the methamphetamine seized was designed to be planted and not otherwise distributed). He repeats the defense trial strategy that the methamphetamine was properly stored as evidence and not intended for any illegal purpose.

A jury stipulation set 5.9 grams of actual methamphetamine as the quantity seized from the Wallace residence. Between 5 and 20 grams of actual methamphetamine

1

establishes a base offense level of 24 pursuant to USSG § 2D1.1(c)(8). The jury found Wallace guilty of possessing at least 5 grams of actual methamphetamine with the intent to distribute it. To the extent Wallace is contesting the drug quantity through the objection to paragraph 73, the jury's verdict found, beyond a reasonable doubt, that at least 5 grams of actual methamphetamine was possessed for the purpose of distribution. A base offense level less than 24 would be contrary to the verdict.

**Wallace objection #4:** Wallace objects to the firearm enhancement pursuant to USSG § 2D1.1(b)(1), citing his firearms possession as being required in the course of his duties as a constable and not utilized to further drug distribution.

As noted by the probation officer, the Sixth Circuit squarely addressed this issue in *United States v. Sivils*, 960 F.2d 587, 596 (6th Cir. 1992) and found that a law enforcement officer involved in drug distribution may be assessed the firearms enhancement in USSG § 2D1.1, even when the officer was carrying a firearm in the course of his profession. Importantly, this enhancement is designed to increase the sentence of an offender in possession of a firearm by illuminating the increased danger inherent in weapons possession connected to drug activity. *See* USSG § 2D1.1, comment. (n. 11(A)). Wallace does not contest that he possessed firearms. Paragraphs 70 and 71 of the PSR correctly note the firearms found at the Wallace residence and in his police vehicle. The enhancement applies, once possession is established, unless Wallace shows that it was clearly improbable that the firearms were connected to the offense. *See Id*.

Trial testimony established that Wallace's position as a constable – including his corresponding firearm possession – were integral to the offense.  As in *Sivils*, "the weapon was closely linked to the very powers and office which appellant used to implement his felonious activities." *Sivils* at 596. Paragraphs 10 – 20 of the PSR detail the Timothy Sizemore incident.  Those paragraphs reveal that Wallace planted methamphetamine during a traffic stop of a vehicle being operated by Sizemore. Wallace used his police power to make the stop.  During this encounter, Wallace threatened violence.  Specifically, after Sizemore protested the "finding" of methamphetamine, Wallace replied "If you're saying that me or the SPD put drugs in your car, I'm going to take you back to the cruiser and kick your ass."  Threats made by an armed aggressor during the course of drug distribution is precisely the type of action the enhancement is designed to address. *See United States v. Upshaw*, 114 F. App'x 692, 716 (6th Cir. 2004) (not reported) (citing *Sivils* and finding firearm enhancement in robbery guideline for law enforcement officer "particularly warranted" when there is close link between police power and criminal activity (further internal citations omitted)).

Impermissible double counting does not occur through application of the firearms enhancement under § 2D1.1 (b)(1) to establish the base offense level in USSG § 2H1.1. As noted, *Sivils* rejects the argument that a firearms enhancement can't apply to a law enforcement officer involved in drug distribution and rejects the double counting argument related to application of abuse of a position of trust along with the firearms enhancement. The final PSR, however, does not adjust Wallace's sentence due to the

abuse of a position of trust pursuant to USSG § 3B1.3. Instead, a specific offense characteristic applies pursuant to USSG § 2H1.1(b)(1) because Wallace was a public officer acting under color of law. "[T]he harm to be punished, and deterred, by the 'under color of law' enhancement is the misuse of power by one with governmental authority." *United States v. Hickman*, 766 F. App'x 240, 251 (6th Cir. 2019). That is a distinct harm from the danger embedded in firearm possession. "[D]ouble counting occurs when precisely the same aspect of the defendant's conduct factors into his sentence in two separate ways[,] ... no double counting occurs if the defendant is punished for distinct aspects of his conduct." *United States v. Battaglia,* 624 F.3d 348, 351 (6th Cir. 2010) (internal quotations and citation omitted).   The application of the specific offense characteristic for firearms possession to establish the base offense level in the civil rights guideline is appropriate and punishes an aspect of Wallace's conduct distinct from the misuse of his authority as a constable.

        Respectfully submitted,

        CARLTON S. SHIER, IV
        ACTING UNITED STATES ATTORNEY

    By:    s/ Jason D. Parman
           Jason D. Parman
           Assistant United States Attorney
           601 Meyers Baker Rd., Suite 200
           London, KY   40741
           (606) 864-5523
           jason.parman@usdoj.gov

CERTIFICATE OF SERVICE

On October 13, 2021, I electronically filed this document through the ECF system, which will send the notice of electronic filing to counsel of record.

s/ Jason D. Parman
Assistant United States Attorney